1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9  Dawn Michele Thompson,                    )    No. CV-12-714-PHX-LOA
                                             )
10            Plaintiff,                      )    **ORDER**
                                             )
11  vs.                                       )
                                             )
12                                            )
    Carolyn W. Colvin, Commissioner of the)
13  Social Security Administration,           )
                                             )
14            Defendant.                      )
                                             )
15  _____          )

16        Plaintiff seeks review of the Social Security Administration Commissioner's decision

17  denying her application for disability insurance benefits and supplemental security income.

18  The parties, who have consented to proceed before the undersigned United States Magistrate

19  Judge, have filed briefs in accordance with local Rules of Practice ("LRCiv")16.1. After

20  review of the record, briefing and applicable law, the decision of the Commissioner is

21  reversed and the matter is remanded for an award of benefits.

22  **I.  Procedural Background**

23        On August 14, 2009, Plaintiff filed applications for Social Security Disability

24  Insurance Benefits and Supplemental Security Income under Titles II and XVI, respectively,

25  of the Social Security Act. 42 U.S.C. §§ 401-433 and §§ 1381-1383c (AR[1] 187-201).

26  _____

27        [1] Citations to "AR" are to the administrative record.

1    Plaintiff was 41 years old when she filed the applications and has a high school education.

2    (AR 45, 231) Plaintiff claimed in the applications she was unable to work because of a

3    disabling condition on June 1, 2008, and that she remains disabled. (AR 187, 195) Plaintiff

4    identified depression and degenerative disc disease as the conditions that limited her ability

5    to work. (AR 226, 54)

6        Plaintiff's applications were denied by the Social Security Administration ("SSA")

7    on February 12, 2010. (AR 126-133) Following Plaintiff's request for reconsideration, the

8    SSA affirmed the denial of the applications on August 3, 2010. (AR 139-145)  Pursuant to

9    Plaintiff's request, AR 146, a hearing was held on May 5, 2011, before Administrative Law

10   Judge ("ALJ") Patrick Kilgannon. (AR 38-81)  In a decision, dated May 18, 2011, the ALJ

11   ruled Plaintiff is not entitled to disability benefits because she has not been under a disability

12   as defined in the Social Security Act from the alleged date of onset through the date of the

13   decision. (AR 20-31)  On February 8, 2012, the Appeals Council denied Plaintiff's request

14   for review of the ALJ's decision. (AR 1-3) As a result of the denial, the ALJ's decision

15   became the final decision of the Commissioner of the SSA. (AR 1)

16       Having exhausted the administrative review process, Plaintiff sought judicial review

17   of the Commissioner's decision on April 4, 2012, by filing a Complaint in this District Court

18   pursuant to 42 U.S.C. § 405(g). (Doc. 1)  On August 21, 2012, Plaintiff filed an Opening

19   Brief pursuant to LRCiv 16.1, in which she seeks a remand for an award of disability benefits

20   or, alternatively, a remand for further administrative proceedings. (Doc. 17)  On September

21   20, 2012, Defendant filed an Opposition to Plaintiff's Opening Brief. (Doc. 18) Plaintiff then

22   filed a Reply Brief on October 9, 2012. (Doc. 19)

23   **II.  Applicable Legal Standards**

24       **A. Standard of Review**

25       The Court must affirm the ALJ's findings if they are supported by substantial

26   evidence and are free from reversible error. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.

27                                             2

1998); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reddick*, 157 F.3d at 720. In determining whether substantial evidence supports the ALJ's decision, a district court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720; *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary." *Reddick*, 157 F.3d at 720-21.

**B. Sequential Evaluation Process**

To be eligible for Social Security disability benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The claimant bears the initial burden of proving disability. 42 U.S.C. § 423(d)(5); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). A five step procedure is used to evaluate a disability claim:

> In step one, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). In step two, the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). If the answer is no, the claimant is not disabled. If the answer is yes, the Secretary proceeds to step three and determines whether the impairment meets or equals a "listed" impairment that the Secretary has acknowledged to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is

3

1

2

3

4

conclusively presumed disabled; if not, the Secretary proceeds to step four. At step four, the Secretary determines whether the claimant can perform "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant can perform such work, she is not disabled.  If the claimant meets the burden of establishing an inability to perform prior work, the Secretary must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. 20 C.F.R. § 404.1520(f).

5   *Reddick*, 157 F.3d at 721.

6   **III.  ALJ Decision**

7   Applying the five-step procedure in this case, the ALJ determined Plaintiff has not

8   engaged in substantial gainful activity since the alleged onset date of her disabling condition.

9   (AR 25) The ALJ found Plaintiff has the following "severe" impairments within the meaning

10   of the regulations: degenerative disc disease of the cervical and lumbar spines, depression,

11   and multiple sclerosis. (AR 25)  The ALJ determined, however, that Plaintiff does not have

12   an impairment or combination of impairments that meets or medically equals a listed

13   impairment. (AR 26) As a result, the ALJ assessed Plaintiff's residual functional capacity[2]

14   ("RFC"). (AR 27-30)  The ALJ determined Plaintiff has the RFC to perform a range of light

15   work as defined in 20 C.F.R. § 404.1567(b) & § 416.967(b), and SSR[3] 83-10. (AR 27) He

16   found Plaintiff is able to lift and/or carry twenty pounds occasionally and ten pounds

17   frequently; stand and/or walk for six hours out of an eight-hour workday with regular breaks;

18   and sit for six hours out of an eight-hour workday with regular breaks, among other

19   limitations. (AR 27) The ALJ further determined that although Plaintiff's RFC is such that

20   she is unable to perform any of her past relevant work, there are jobs that exist in significant

21   numbers in the national economy that Plaintiff can perform. (AR 30) Based on these

22   findings, the ALJ concluded Plaintiff has not been under a "disability," as defined in the

23

24   [2] The term "residual functional capacity" means the most an individual can do after considering the effects of physical and/or mental limitations that affect the ability to perform

25   work-related tasks.  *See* 20 C.F.R § 404.1545(a)(1-2).

26   [3] "Social Security Ruling"

27   4

1   Social Security Act, from the alleged date of onset through the date of the ALJ's decision.

2   (AR 31) Consequently, the ALJ ruled Plaintiff is not entitled to disability insurance benefits

3   or supplemental security income. (AR 25)

4   **IV.  Analysis**

5       Plaintiff contends in her opening brief the Commissioner's decision should be

6   reversed and the case remanded for an award of benefits.  Plaintiff argues the ALJ erred by

7   rejecting the assessments of two treating physicians and an examining psychologist; relying

8   on an assessment from a non-examining state agency physician who reviewed only part of

9   the record; and rejecting Plaintiff's symptom testimony in the absence of clear and

10  convincing reasons for doing so. In the response brief, Defendant disputes each of Plaintiff's

11  arguments and contends the administrative decision is supported by substantial evidence and

12  free of harmful legal error.

13      **A. Treating Physicians' Assessments**

14      Plaintiff argues the ALJ erred as a matter of law by rejecting the opinions of two

15  treating physicians, Eric Feldman, M.D., and Daniel Torzala, M.D. (Doc. 17 at 18-21)

16  Plaintiff contends the ALJ's conclusory dismissals of these doctors' assessments were

17  unsupported by sufficient reasons. Plaintiff claims the ALJ needed to do more than simply

18  assert their opinions are not consistent with the totality of the evidence.

19      The opinion of a treating physician is generally entitled to more weight than the

20  opinion of a non-treating physician, "since these sources are likely to be the medical

21  professionals most able to provide a detailed, longitudinal picture" of a claimant's medical

22  impairments. 20 C.F.R. § 404.1527(c)(2). "Because treating physicians are employed to cure

23  and thus have a greater opportunity to know and observe the patient as an individual, their

24  opinions are given greater weight than the opinions of other physicians." *Smolen v. Chater*,

25  80 F.3d 1273, 1285 (9th Cir. 1996). A treating physician's opinion, however, is not

26  necessarily conclusive and an ALJ may disregard the opinion whether or not the opinion is

27

5

contradicted. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Where a treating physician's opinion is uncontradicted, an ALJ may reject it only by presenting clear and convincing reasons for doing so. *Id.* If a treating doctor's opinion is contradicted by another doctor, the ALJ can reject it only by providing "'specific and legitimate reasons' supported by substantial evidence in the record." *Reddick*, 157 F.3d at 725 (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751. Moreover, an ALJ is not required to accept a brief and conclusory opinion from a treating physician that is unsupported with clinical findings or by the record as a whole. *Id.*; *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). When there are conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

### 1. Eric Feldman, M.D.

Eric Feldman, M.D., a physician at the Center for Orthopedic Research and Education Institute ("CORE"),[4] began caring for Plaintiff in October 2009. (AR 552-553)  Plaintiff's chief complaints during her initial visit at the CORE Institute were low back pain with radiating tingling and numbness into the left leg, and right-sided neck pain that radiates into the right scapular region. (*Id.*) In November 2009, Dr. Feldman administered lumbar medial branch nerve blocks. (AR 556) According to Plaintiff's brief, "[t]his is a procedure to prevent sensory nerve impulses from reaching the central nervous system, usually by injecting an anesthetic solution into the peripheral nerve or by electrically stimulating the nerve." (Doc. 17 at 4)

---

[4] Plaintiff's opening brief states Dr. Feldman is an orthopedist, though the Court has been unable to locate anything in the medical records to confirm this medical specialty. Defendant does not, however, dispute Plaintiff's description of Dr. Feldman's specialty.

Plaintiff had a cervical MRI at the CORE Institute in December 2009 which showed a "C5-6 disc protrusion with mild ventral cord flattening and moderate foraminal compromise." (AR 557-558)  Plaintiff's follow-up visit with Dr. Feldman on December 10, 2009 indicates she also had a lumbar spine MRI that revealed a left lateral disc protrusion at L4-L5. (AR 559) In addition, the office notes reflect the lumbar medial branch nerve blocks provided no relief. (*Id.*) Plaintiff had another cervical MRI in February 2010 that revealed "spondylosis at C5-6 with a posterior disc and spur approximating the cord, particularly slightly to the right of the midline, and producing some narrowing of the right neural foramen." (AR 562)

The medical records show Plaintiff saw Dr. Feldman professionally on numerous occasions in 2010 and at least once in 2011. (AR 561, 706-711, 714, 718 and 720-721) He prescribed physical therapy and medication for pain management. (*Id.*) He also performed several procedures during that period including cervical facet joint injections, lumbar epidural steroid injections, and cervical medial branch nerve blocks. (AR 707-709, 718)

Dr. Feldman completed a Medical Assessment Of Ability To Do Work Related Physical Activities ("Medical Assessment") and a Pain Functional Capacity (RFC) Questionnaire ("Pain Questionnaire") on May 3, 2011. (AR 728-732). In the Medical Assessment, Dr. Feldman opined that Plaintiff could sit for less than six hours in an eight-hour work day, stand or walk for less than two hours in an eight-hour workday, and occasionally lift or carry less than ten pounds, among other limitations. (AR 728-730)  He stated Plaintiff would have to alternate sitting and standing every twenty minutes due to her symptoms. (*Id.* at 729)  In the Pain Questionnaire, Dr. Feldman identified Plaintiff's pain as "severe" which means "[e]xtremely impaired due to pain which precludes ability to function." (AR 731)  He stated this degree of pain can reasonably be expected to result from objective clinical or diagnostic findings documented by him or elsewhere in Plaintiff's medical records. (*Id.*) He further indicated Plaintiff's pain is sufficiently severe to interfere

1    with attention and concentration on a constant basis. (*Id.*)

2         The ALJ assigned "little weight" to Dr. Feldman's opinions regarding Plaintiff's work

3    limitations because Dr. Feldman "fail[s] to explain or justify the limitations given." (AR 29)

4    In addition, the ALJ found Dr. Feldman's opinions "are not consistent with the totality of

5    evidence or with claimant's own statements regarding her level of function." (*Id.*)

6         Dr. Feldman's opinions regarding Plaintiff's work limitations are contradicted by the

7    state agency examining physician, William Chafee, M.D., and the state agency non-

8    examining physician, Ernest Griffith, M.D. (*Compare* AR 728-732, *with* AR 501-508 *and*

9    AR 534-541)  Accordingly, to reject Dr. Feldman's opinions, the ALJ is required to provide

10   specific and legitimate reasons supported by substantial evidence in the record. *See Reddick*,

11   157 F.3d at 725. Applying that standard, the Court agrees with Plaintiff and finds the ALJ's

12   reasons for rejecting Dr. Feldman's opinions are insufficient as a matter of law.

13        First, the ALJ's assertion that Dr. Feldman's opinions "fail to explain or justify the

14   limitations given" is not a basis to reject the opinions. *See Smolen v. Chater*, 80 F.3d 1273,

15   1288 (9th Cir. 1996) (finding that even where a treating physician fails to provide comments

16   to support his opinions, the ALJ could not reject them without providing proper reasons for

17   doing so). Moreover, the ALJ gives no indication he reviewed all of Dr. Feldman's records

18   to determine if the records themselves provide adequate support and justification for Dr.

19   Feldman's opinions. He cites only two of Dr. Feldman's progress notes in the written

20   decision, one regarding the lack of multiple sclerosis symptoms Plaintiff was exhibiting in

21   February 2011, and the second to show Plaintiff was diagnosed with disc protrusions. (AR

22   28) The Court, therefore, finds that the ALJ's first reason for rejecting Dr. Feldman's

23   opinions is insufficient.

24        Second, the ALJ's remaining reasons for rejecting Dr. Feldman's opinions are vague

25   and conclusory. He simply says the opinions "are not consistent with the totality of evidence

26   or with claimant's own statements regarding her level of function." (AR 29) He fails,

27

1   however, to cite the "totality of evidence," or any aspect thereof, on which he relies to reach

2   his conclusion. The ALJ also does not identify the "claimant's own statements regarding her

3   level of function" on which he relies to reject Dr. Feldman's opinions. The ALJ's entire

4   discussion of Dr. Feldman's work-related assessments is comprised of one short paragraph,

5   a paragraph that also includes a discussion of the opinions of other providers. (AR 29)

6        Nothing in Defendant's responsive brief affects the Court's analysis. Defendant

7   contends the ALJ gave specific and legitimate reasons for giving little weight to Dr.

8   Feldman's opinions, but she provides little to support that contention. (Doc. 18 at 14)

9   Defendant cites one progress note by Dr. Feldman from February 2011 in which Dr. Feldman

10  reported "diffuse tenderness to palpation" along the spine, "mildly limited lumbar flexion and

11  lumbar extension with end-range pain," "no synovitis or effusion or ligamentous laxity in the

12  lower extremity" and "no pedal edema," among other findings. (AR 706) Although the ALJ

13  cited this same progress note in his decision, he did so in the context of addressing the status

14  of Plaintiff's multiple sclerosis symptoms, not as a basis to reject Dr. Feldman's opinions

15  regarding Plaintiff's work limitations. (AR 28) The Court will not consider Defendant's

16  "after the fact" attempt to offer her own specific reasons for the ALJ's conclusory rejection

17  of Dr. Feldman's opinions where the ALJ himself failed to provide such reasons.

18       Moreover, Defendant misstates what the ALJ said in rejecting Dr. Feldman's

19  opinions. Defendant claims "the ALJ found that the physicians' assessments were

20  inconsistent with the evidence of record as a whole, including the physicians' own objective

21  findings." (Doc. 18 at 14) The decision itself, however, states, "these opinions are not

22  consistent with the totality of evidence or with the claimant's own statements regarding her

23  level of function." (AR 29) The ALJ said nothing about Dr. Feldman's opinions being

24  inconsistent with his objective findings.

25       Accordingly, the Court finds the ALJ's reasons for rejecting Dr. Feldman's opinions

26  are not "specific and legitimate," nor did he support them with "substantial evidence in the

27                                                        9

record." *See Reddick*, 157 F.3d at 725. As noted above, Dr. Feldman saw Plaintiff numerous times between October 2009 and February 2011. He conducted several examinations, prescribed various medications, and performed a number of procedures in an attempt to reduce Plaintiff's back pain. His opinions regarding Plaintiff's work-related limitations are entitled to special deference. The ALJ's cursory discussion and rejection of Dr. Feldman's opinions fail to meet the required standard.

**2. Daniel T. Torzala, Jr., M.D.**

It appears from the medical records that Dr. Torzala, a physician at Phoenix Neurology and Sleep Medicine, began treating Plaintiff in June 2010. (AR 667-680) He diagnosed Plaintiff with multiple sclerosis and migraine headaches. (AR 679) The MRIs of Plaintiff's brain in March and December 2009 showed white matter consistent with multiple sclerosis. (AR 367, 684) The records reflect that, in addition to the June 2010 examination, Dr. Torzala saw Plaintiff three times in August 2010, once each in September and October 2010, and once in late December 2010. (AR 667-680)

Dr. Torzala identified Plaintiff's multiple sclerosis as "relapsing remitting multiple sclerosis." (AR 667, 669 and 675) He prescribed immunomodulatory therapy with the drugs Copazone and Rebif, but Plaintiff could not tolerate either one. (AR 668) Dr. Torzala believed Plaintiff to be a good candidate for oral therapy and indicated he would refer her to an "MS expert" regarding that form of therapy. (*Id.*)

Dr. Torzala completed a Medical Assessment Of Ability To Do Work Related Physical Activities ("Medical Assessment") on April 14, 2011. (AR 681-683) He identified Plaintiff's diagnosed physical impairments as "MS" and "lumbar radiculopathy." (AR 681) Regarding Plaintiff's exertional limitations, Dr. Torzala opined Plaintiff could sit for a total of four hours in an eight-hour work day, and stand or walk for at least two hours in an eight-hour workday. (*Id.*) He further stated Plaintiff could lift or carry twenty pounds occasionally or even frequently. (*Id.*) Dr. Torzala also identified certain postural and environmental

limitations, and minor limitations regarding Plaintiff's ability to use her hands. (AR 682-683) When asked to describe the findings that support the identified limitations, Dr. Torzala stated, "MS" and explained that it would be dangerous for Plaintiff "to have exposure to heat as this may cause new symptoms/impairments or exacerbate prior deficits." (AR 683)

The ALJ, after the very limited discussion explaining his rejection of Dr. Feldman's opinions set forth above, states the following with regard to Dr. Torzala's opinion:

> This is also the case with the opinion of Daniel Torzala, M.D. on April 14, 2011, which found additional functional limitations.

(AR 29) Thus, the ALJ appears to be relying on the same reasons he relied on to reject Dr. Feldman's opinions: that Dr. Torzala's opinion fails to explain or justify the limitations given and they are not consistent with the totality of the evidence or with the claimant's own statements regarding her level of function. (AR 29)

The Court finds the ALJ's one-line reference to Dr. Torzala's opinion falls well short of the standard required to properly reject a treating physician's opinion. The ALJ's treatment of Dr. Torzala's opinion relies on the same unsupported and conclusory reasons used to reject Dr. Feldman's opinions. Those reasons are equally deficient as applied to Dr. Torzala. Accordingly, the Court finds the ALJ has failed to provide "specific and legitimate reasons supported by substantial evidence in the record." for rejecting Dr. Torzala's opinion regarding Plaintiff's work-related limitations. *See Reddick*, 157 F.3d at 725.

As with Dr. Feldman, nothing in Defendant's responsive brief alters the Court's analysis. Defendant again attempts to offer her own specific reasons for the ALJ's conclusory rejection of Dr. Torzala's opinions where the ALJ failed to do so. In attempting to support her contention that the ALJ gave specific and legitimate reasons for rejecting Dr. Torzala's opinion, Defendant cites two of Dr. Torzala's progress notes regarding Plaintiff's condition. (Doc. 18 at 14-15)  Although the two progress notes were referenced in the ALJ's decision, they were not cited as grounds for the ALJ's rejection of Dr. Torzala's opinion regarding

Plaintiff's work-related limitations. (AR 28-29) As discussed above, the ALJ failed to provide specific reasons for rejecting Dr. Torzala's opinion and nothing in Defendant's responsive brief demonstrates otherwise.

The ALJ's failure to provide specific and legitimate reasons based on substantial evidence in the record for rejecting the opinions of two treating physicians, Drs. Feldman and Torzala, was legal error. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) (holding that "[i]t was also legal error for the ALJ to discount the opinions of [the plaintiff's] treating physicians without providing specific and legitimate reasons for doing so."); *Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. 1994) (holding "that the ALJ committed a legal error when he failed to grant deference to the conclusions of [plaintiff's] treating physician."). Moreover, the ALJ's error here was not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (invoking the general principle "that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'") (citations omitted). Based on the ALJ's error, the Court will order that the decision be reversed and the case be remanded to the SSA.[5]

## B.  Remand for Further Proceedings or Award of Benefits

The decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the district court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would

---

[5] Because this matter is being remanded based on the ALJ's legal error regarding the treating physicians' opinions, the Court need not, and declines to, reach Plaintiff's remaining arguments. The Court notes, however, that in rejecting the examining psychologist's opinion, the ALJ, after summarizing the psychologist's findings, said only that "[t]he undersigned finds this opinion unpersuasive in light of the totality of the evidence of record." (AR 29) As with the treating physicians, the ALJ provided nothing specific to support his conclusory rejection of the examining psychologist's opinion.

1    simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin*

2    *v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

3         Moreover, "[w]here the Commissioner fails to provide adequate reasons for rejecting

4    the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'"

5    *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Hammock v. Bowen*, 879 F.2d

6    498, 502 (9th Cir. 1989)). Courts credit improperly rejected evidence and remand for benefits

7    when: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such

8    evidence, (2) there are no outstanding issues that must be resolved before a determination of

9    disability can be made, and (3) it is clear from the record that the ALJ would be required to

10   find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172,

11   1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). If this

12   test is satisfied with respect to a treating physician's opinion, "then remand for determination

13   and payment of benefits is warranted regardless of whether the ALJ *might* have articulated

14   a justification for rejecting [the treating physician's] opinion." *Id.* at 1179 (emphasis in

15   original).

16        Here, applying the three-part test, the Court has already decided the first part by

17   finding the ALJ failed to provide legally sufficient reasons for rejecting Dr. Feldman's and

18   Dr. Torzala's opinions. Regarding the second part of the test, the Court is aware of no

19   outstanding issues that must be resolved before a determination of disability can be made.

20   Defendant argues that, if the Court decides to remand the case, it should do so for further

21   proceedings to allow further development of the record. (Doc. 18 at 17-18)  Defendant fails

22   to identify, however, what issues must be resolved and what aspect of the record must be

23   further developed.

24        With respect to the third part of the test, the Court finds it is clear from the record that

25   the ALJ would be required to find Plaintiff disabled if the treating physicians' opinions were

26   credited as true. As Plaintiff points out in the opening brief, the vocational expert testified

27                                                    13

at the hearing that the physical capacity assessments prepared by both Dr. Feldman and Dr. Torzala would preclude even sedentary work. (AR 79)  The expert further testified that the pain assessment prepared by Dr. Feldman would preclude all work. (AR 70-80) Thus, the vocational expert's testimony establishes that, taking the opinions of Dr. Feldman and Dr. Torzala as true, the ALJ would be required to find Plaintiff disabled. For these reasons, the Court finds the three-part test is satisfied here and, consequently, remand for an award of benefits is appropriate.

**V.      CONCLUSION**

For the foregoing reasons, the Court finds the ALJ committed legal error when he failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinions of Drs. Feldman and Torzala. The Court further finds that based on this error, remand for an award of benefits is warranted.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Social Security Administration for an award of benefits. The Clerk of Court is directed to enter judgment accordingly.

Dated this 2nd day of July, 2013.

Lawrence O. Anderson
United States Magistrate Judge