**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn Michelle Thompson, <br><br> Plaintiff, <br><br> v. <br><br> Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | No. CV-12-714-PHX (LOA) <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), Plaintiff's Brief in Support of Motion for Award of Attorney's Fees, and the Affidavit of Plaintiff's Counsel Regarding Attorney's Fees. (Docs. 22-24) Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner") filed a Response to Plaintiff's Motion for Attorney Fees, stating she has no objection to Plaintiff's requested attorney's fees of $10,605.54. (Doc. 28)

**I. Background**

On August 14, 2009, Plaintiff filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI, respectively, of the Social Security Act ("Act"). *See* 42 U.S.C. §§ 401-433 and §§ 1381-1383c. (Doc. 20 at 1) Plaintiff's disability benefits requests were denied initially and on reconsideration. Thereafter, a hearing was held before Administrative Law Judge ("ALJ") Patrick Kilgannon.

The ALJ found Plaintiff was not disabled within the meaning of the Act. This decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review. Plaintiff then sought review in this District Court. On July 2, 2013, the Court entered an order, remanding this matter for an award of benefits and concluding the ALJ committed legal error when he failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinions of Drs. Feldman and Torzala. (Doc. 20 at 14)  The Clerk of Court entered judgment on the same day. (Doc. 21)  Plaintiff now seeks an award of attorney's fees under the EAJA.

**II. Attorney's Fees under the EAJA**

In any action brought by or against the United States except one sounding in tort, the EAJA, 28 U.S.C. § 2412, provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The EAJA creates a presumption that fees will be awarded to the prevailing party unless the Government establishes that its position was "substantially justified." *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988) (citation omitted).  Substantially justified means "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations omitted). A substantially justified position must have a reasonable basis both in law and fact. *Gutierrez v. Barnhart*, 274 F.3d 1255,1258 (9th Cir. 2001); *Thomas*, 841 F.2d at 335.

The Government bears the burden of establishing substantial justification. *Gutierrez*, 274 F.3d at 1258. In determining whether the Government's position was substantially justified, a district court considers both the Government's position during the litigation and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Thus, a court considers: "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez*, 274 F.3d at 1258 (citation omitted).

### III. Analysis

In her Brief in Support of Motion for Award of Attorney's Fees, Plaintiff argues she is the prevailing party in this action, and entitled to attorney's fees under the EAJA. Plaintiff further argues the Commissioner cannot meet her burden of showing the Social Security Administration's position in this case was substantially justified. In Plaintiff's counsel's affidavit, counsel itemizes the services he performed for Plaintiff. Based on the hours expended and the adjusted hourly rate permitted under the EAJA, counsel requests total attorney's fees of $10,605.54. (Doc. 24-1 at 2)

As noted above, the Commissioner filed a Response to Plaintiff's Motion for Attorney Fees, indicating she does not object to Plaintiff's motion for fees under the EAJA. (Doc. 28) Absent any opposition, the Court accepts Plaintiff's argument she is entitled to an award of attorney's fees. The Court finds the total fees requested, including the hours expended and the hourly rates, are reasonable.

Lastly, Plaintiff requests, pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010), that the check for EAJA fees be made payable to Plaintiff, but that it be mailed to Plaintiff's counsel's office. (Doc. 23 at 9) In *Ratliff*, the United States Supreme Court held that EAJA fees are payable to the prevailing party, not the prevailing party's attorney. *Ratliff*, 130 S.Ct. at 2524. In so holding, the Court noted the "practical reality that attorneys are the beneficiaries and, almost always, the ultimate recipients of the fees that the statute awards to the 'prevailing part[ies]'" because of "nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant." *Id.* at 2529 (quoting *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990)). Plaintiff's request regarding the check will, therefore, be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, doc. 22, is **GRANTED**.

///

1  **IT IS FURTHER ORDERED** that Plaintiff is awarded $10,605.54 in attorney's fees
2  to be mailed to Plaintiff's counsel, Mark Caldwell, 1940 East Camelback Road, Suite 150,
3  Phoenix, AZ 85016.
4  DATED this 20th day of November, 2013.

_____
Lawrence O. Anderson
United States Magistrate Judge